**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA                    Case No. 01-81028

               Plaintiff,

                                             Honorable Arthur J. Tarnow
v                                                           United States District Judge

WARNER BERNARD CRIDER,

               Defendant.

_____ /

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL AND DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT [DE 170]

### I.  INTRODUCTION

A jury convicted Defendant of conspiracy to possess with intent to distribute cocaine base, aiding and abetting distribution of cocaine, possession with intent to distribute marijuana, and felonious possession of ammunition.  The Court sentenced Defendant to concurrent terms of life, life, five, and ten years.

Following trial, Defendant filed a motion for judgment notwithstanding the verdict raising two issues:  (1) he was not given proper discovery and evidence which could have been used to impeach the government's witnesses; and (2) the withheld evidence included proof that numerous witnesses discussed the case and conspired to fabricate statements about Defendant.

The Court dismissed Defendant's motion on the grounds that it was filed more than 7 days after the entry of judgment and was therefore time barred by Fed. R. Crim. P. 33(a)(2).  The Court also held that "[e]ven if defendant's motion had been timely filed, the court would not have concluded that a new trial was warranted based on any of the claims set forth in defendant's New Trial Motion."  Order Granting Government's Motion to Dismiss [DE 142] at 2.

On direct appeal, the Sixth Circuit affirmed Defendant's convictions.[1]  As to Defendant's

perjury claims, the Sixth Circuit held as follows:

> Finally, Crider alleges that the prosecutor utilized perjury in his trial.  We review
> these allegations *de novo*. [*United States v.*] *Trujillo*, 376 F. 3d 593, 608 (6th Cir.
> 2004).  To establish that the government suborned perjury, Crider must show:
> "(1) the statement was actually false; (2) the statement was material; and (3) the
> prosecution knew it was false."  *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998).
> The suspect testimony must actually be perjured, rather than contain "mere
> inconsistencies."  *Id*.  None of Crider's allegations of perjury satisfy this test.
> Most of the statements were mere inconsistencies, and even if he could prove that
> the statements were false and material, he cannot establish that the prosecution
> knew that the witnesses would testify falsely.

*United States v. Crider*, 144 Fed. Appx. 531 (6th Cir. 2005) (No. 04-1554 ) (unpublished).

Before the Court is Defendant's motion for new trial and motion to dismiss the

indictment.  Defendant argues that he is entitled to a new trial and/or dismissal of the indictment

because of newly discovered evidence that several witnesses perjured themselves.  Defendant

also argues that the Court should conduct an evidentiary hearing as to the factual allegations in

his motion.

The Court finds that evidence in the record is sufficient to decide Defendant's motion.

Therefore, an evidentiary hearing is not necessary.  For the reasons discussed below,

Defendant's motion will be denied.

## II.  FACTS

Testimony at Defendant's trial established that he operated upwards of nine "crack

houses" in Jackson, Michigan between 1997 and 2001. Jackson City Police Detective Gary

Shuette and Special Agent Curtis Brunson from the Bureau of Alcohol, Tobacco, Firearms and

Explosives ("ATF") each testified that Crider admitted committing drug trafficking and gun

possession crimes. Co-conspirator Michael McGuire testified that he accompanied Crider to

New York to buy drugs, and that he had seen Crider cook crack cocaine. Co-conspirator Arthur

---

[1]The Sixth Circuit remanded the case to this Court for re-sentencing in light of *United
States v. Booker*, 543 U.S. 220 (2005).

2

Davis testified that Crider carried firearms regularly, and that Crider instructed Davis to kill two potential witnesses.

### III.  DISCUSSION

### A.  MOTION FOR NEW TRIAL

Defendant argues that he is entitled to a new trial because several witnesses committed perjury at trial.  According to Defendant, the perjury can be established through various inconsistencies in the witnesses' testimony as well as through affidavits obtained by Defendant following the trial.

The test for reviewing motions for new trials based on newly discovered evidence was set forth in *United States v. Barlow*, 693 F. 2d 954, 966 (6th Cir. 1982).  Under the *Barlow* test,

> a new trial motion will be granted based on newly discovered evidence only if the defendant can prove that the evidence was: (1) discovered only after trial; (2) could not have been discovered earlier with due diligence; (3) is material and not merely cumulative or impeaching; and (4) would likely produce an acquittal if the case were retried.

*United States v. Willis*, 257 F. 3d 636, 642 (citing *Barlow*, 693 F. 3d at 966).

The *Barlow* test "has consistently been used in [the Sixth Circuit] to scrutinize new trial motions based on newly discovered evidence." *Id* (citations omitted).

The only exception to the *Barlow* test, adopted in *Gordon v. United States*, 178 F. 2d 896 (6th Cir. 1949), applies in "unique situations in which a material witness for the government recants his testimony after the trial." *Willis*, 257 F. 3d at 643.  Because there is no evidence of recantation, the *Gordon* test does not apply.  The Court will apply the *Barlow* test to Defendant's claims that government witnesses perjured themselves at trial.[2]  Each witness identified by

---

[2]Defendant argues that the Court should follow the test described in *United States v. Mitrione*, 357 F. 3d 712 (7th Cir. 2004), where the Seventh Circuit joined the First, Second, Eighth, Ninth and D.C. Circuits by holding that:

> In order to win a new trial based on a claim that the government witness committed perjury, assuming as in this case that the government did not knowingly present the false testimony, defendants will have to prove the same

3

Defendant is discussed in turn.

## 1. Arthur Davis

Davis was charged as a co-defendant, pleaded guilty, and testified against Defendant at trial. Davis testified that he sold drugs for Defendant in Jackson, Michigan, and that he and Defendant often traveled to Detroit to pick up powder cocaine to be made into crack. They also sold marijuana and heroin. Defendant asked Davis to kill two people whom he believed might testify against him.

Defendant argues that Davis recruited witnesses to testify against him so that Davis could get a better deal from the government in his own case. He also argues that Davis and Pryor were witnessed discussing Defendant's case. Defendant emphasizes inconsistencies in Davis' testimony as to whether or not co-defendant Michael McGuire was planning to "cook up a story" against Defendant. At one point Davis testified that McGuire "said he was going to cook up something about Crider." At another point Davis testified that McGuire never told him "he was going to come in and tell lies about Mr. Crider."

At trial, defense counsel impeached Davis with various inconsistencies in his testimony. Therefore, the inconsistencies raised by Defendant in his motion for new trial go to the weight of the evidence, were tested by the defense at trial, and do not amount to "new evidence" upon which a new trial could be granted. *United States v. Pierce*, 62 F. 3d 818, 824-825 (6th Cir. 1995); *United States v. Garcia*, 19 F. 3d 1123, 1126 (6th Cir. 1994); *Seago*, 930 F. 2d at 489.

Defendant's allegations that Davis recruited other prisoners to perjure themselves may

---

things they are required to prove when moving for a new trial for other reasons. Defendants will have to show that the existence of the perjured testimony (1) came to their knowledge only after trial; (2) could not have been discovered sooner with due diligence; (3) was material; and (4) would probably have led to an acquittal had it not been heard by the jury.

*Mitrione*, 357 F. 3d at 718.

The Court notes that the *Barlow* test, which is the established law of the Sixth Circuit, is identical to the rule from *Mitrione* urged by Defendant.

constitute "new evidence."  However, these claims fail the third and fourth prongs of the *Barlow* analysis.

As to the third prong, the evidence is at best impeachment evidence and cannot be relied upon to overturn the jury's verdict.

As to the fourth prong, the evidence would not materially increase the likelihood of an acquittal because the jury was presented with overwhelming evidence of Defendant's guilt at trial.  The affidavits do not present compelling evidence which would be reasonably likely to alter the jury's view of the evidence.

### 2.  Michael McGuire

McGuire was also charged as a co-defendant, pleaded guilty, and cooperated with the government.  Defendant argues that McGuire solicited Jason Smith to "engage in a scheme that involved deliberately lying" about Crider to the United States Attorney.  Defendant claims that McGuire coached Smith on what to say about Crider.  He also claims that McGuire and Smith wanted to receive more lenient sentences in exchange for their testimony and that McGuire wanted to frame Crider for the murder of Gino Perdue "to get revenge against defendant for an alleged mishap involving his baby mama."

Defendant's evidence as to McGuire was presented at trial.  At least one of McGuire's letters, submitted by Defendant in his motion for new trial, was entered into evidence at trial.  Defense counsel impeached McGuire on the same exhibits during trial and asked McGuire about his relationship with Jason Smith.  Defendant now argues that this relationship was part of McGuire's motivation for lying.  However, this is not new evidence which would increase the likelihood of acquittal in the face of the overwhelming evidence against Defendant.

### 3.  Anthony Pryor

Anthony Pryor did not testify at trial.  Defendant argues that Pryor tried to recruit Johnson to testify falsely against him, but Johnson rejected the offer.  He also argues that Pryor and Davis conspired to commit perjury in Defendant's case.  Defendant claims that Pryor

committed perjury before the grand jury, and therefore the indictment should have been dismissed.

Defendant's evidence as to Pryor fails the *Barlow* test.  The government did not present Pryor's testimony at trial.  Therefore, the  alleged perjury did not affect the jury's verdict.  *See U.S. v. Angel*, 355 F. 3d 462, 475 (6th Cir. 2004) ("[T]he allegedly perjured testimony presented to the grand jury was not offered at trial, and therefore could not have affected the jury's verdict.").

### 4.  Jason Smith

Defendant argues that Jason Smith had a conversation with Avis Coward-El about Defendant's case.  Smith did not testify at trial.  Therefore, the evidence offered by Defendant could not affect the jury's verdict or provide a likely basis for acquittal.  *See Angel, supra*.

### 5.  Shabbo Owens

According to Defendant, Shabbo Owens was removed from Milan Detention Center because he was caught stealing other inmates' legal paper work.  Defendant claims that Owens wanted to familiarize himself with other prisoners' cases so he could testify against them in exchange for a downward departure from his sentence.

Defendant also argues that Owens lived on the same floor as McGuire, which allowed them to work together to mislead the government by submitting "tainted testimony" against Defendant.

Like Pryor and Smith, Owens did not testify at trial.  Therefore, the testimony did not affect the jury's verdict, which was based on overwhelming evidence of Defendant's guilt.

### 6.  Detective Gary Schuette

Defendant argues that Schuette lied about Defendant's confession and fabricated an electrical bill showing that Defendant resided at the 133 West Wilkins house.  The evidence as to Schuette is not newly discovered.  Defendant cross-examined Schuette on these topics at trial.  Defendant argues that a letter from Consumers Energy shows that Schuette committed perjury by

6

asserting that the electric bill for 133 West Wilkins was in Defendant's name. However, Defendant submitted the letter from Consumers Energy as evidence at trial.

Defendant also argues that Schuette's trial testimony was inconsistent with his grand jury testimony. The inconsistencies do not establish perjury, and do not provide Defendant with anything other than impeachment evidence. Therefore, the evidence as to Schuette is not new and does not warrant a new trial.

### G.  Charles Wheeler

Defendant argues that Wheeler committed perjury before the grand jury by offering conflicting testimony about a handgun. However, the inconsistencies do not establish that the government offered perjured testimony. Also, Defendant Crider and Michael McGuire beat and threatened Wheeler because they believed he stole guns, drugs, and money from them. McGuire testified that they paid Wheeler $10,000 to not testify against Defendant. Based on this pay-off, the government did not call Wheeler to testify at trial. Because Wheeler did not testify at trial, the allegedly new evidence would not affect the jury's verdict.

### H.  Sergeant John Johnston

According to Defendant, Johnston falsely testified at trial that he recovered a silver handgun from 209 S. Dwight Street. Defendant points to Johnston's grand jury testimony that he had recovered a black gun. Defendant argues that Johnston changed his testimony for trial in order to corroborate Wheeler's perjured statement that the gun was silver.

Defendant's argument does not suggest that there is anything beyond cumulative or impeaching evidence as to Sergeant Johnston's testimony, which was challenged by the defense at trial. There is no persuasive evidence that Johnston perjured himself, and the jury apparently believed his testimony. Allowing a new jury to hear the same conflicting testimony would not likely result in an acquittal.

### I.  Christopher Jacobsen

Defendant argues that Jacobsen lied about interviewing witnesses. Defendant's argument

is based on alleged inconsistencies in Jacobsen's testimony.  At most, Defendant's argument creates impeachment material as to Jacobsen, and therefore does not justify a new trial under the *Barlow* standard.

## B.  MOTION TO DISMISS INDICTMENT

Defendant argues that multiple witnesses committed perjury before the grand jury.  There is a strict rule against inquiry into grand jury processes except where it is alleged that the body is biased or illegally constituted.  *United States v. Powell*, 823 F. 2d 996, 1001 (6th Cir. 1987).

In addition, the *petit* jury's verdict of guilty renders the alleged defects in the indictment harmless.  *See United States v. Mechanik*, 475 U.S. 66, 73 (1986) (refusing to reverse a criminal conviction where "the petit jury's verdict rendered harmless any conceivable error in the charging decision that might have flowed from the violation.").

The jury's verdict was supported by overwhelming evidence of Defendant's guilt. Therefore, the alleged defects in the testimony before the grand jury were harmless.

## IV.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's motion for new trial is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss the indictment is DENIED.

SO ORDERED.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge


Dated:  June 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager

8