UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARNER BERNARD CRIDER,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent,

_____/

Criminal Case No. 01-81028
Civil Case No. 13-12356

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

ORDER:
(1) DENYING AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [260];
(2) DENYING AS MOOT MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE [256];
(3) DENYING MOTION TO APPOINT COUNSEL [254];
(4) DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY [255];
(5) DENYING MOTION FOR SUMMARY JUDGMENT [265];
(6) GRANTING MOTION FOR EXTENSION OF TIME TO FILE [273];
(7) DENYING MOTION FOR REDACTED PAYMENT VOUCHERS [276];
(8) GRANTING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES [268]

On May 28, 2013, Movant filed a Motion to Appoint Counsel [254], a

Motion for Leave to Conduct Discovery [255], and a Motion to Vacate Sentence

under 28 U.S.C. § 2255 [256]. On July 29, 2013, Movant filed a Motion to Amend

1

his Motion to Vacate Sentence [259]. This Motion to Amend was granted by the Court on September 6, 2013 and the Government was ordered to respond [263]. Movant filed his Amended Motion to Vacate Sentence on July 29, 2013 [260]. The Government responded to the original Motion to Vacate, the Amended Motion to Vacate, and the Motion for Leave to Conduct Discovery on December 22, 2014 [272]. Movant replied on March 13, 2015 [274]. On March 27, 2014 Movant filed a Motion for Summary Judgment [265]. Movant filed a Motion for Retroactive Application of Sentencing Guidelines on November 6, 2014 [268]. On January 26, 2015 Movant filed a Motion for Extension of Time to File a Traverse Response [273] and on June 15, 2015 Movant filed a Motion for all unredacted payment vouchers and justification/time sheets [276].

For the reasons stated below, Movant's Motion to Vacate [256] and Amended Motion to Vacate [260] are **DENIED** and Movant is denied a certificate of appealability, with respect to all arguments except Movant's argument that his counsel was ineffective for failure to file a Motion for Discovery. Movant's Motion to Appoint Counsel [254], Motion for Leave to Conduct Discovery [255], Motion for Summary Judgment [265] and Motion for Unredacted Payment Vouchers [276] are **DENIED.** Movant's Motion for Extension of Time to File a

Traverse Response [273] and Motion for Retroactive Application of Sentencing Guidelines [268] are **GRANTED.**

1. **MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE 18 USC § 3528 [268]**

On November 6, 2014 Movant filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense [268]. On April 5, 2016 the Court entered an Order Reducing Movant's Sentence re Drug Offense 18 USC 3582, reducing Movant's sentence from Life imprisonment to 360 months. Therefore, Movant's Motion for Retroactive Application of Sentencing Guidelines [268] is **GRANTED.**

2. **MOTION FOR SUMMARY JUDGMENT [265]**

Movant filed a Motion for Summary Judgment [265] on March 27, 2014 for a failure of the Government to respond timely to his initial Motion to Vacate Sentence and their failure to file any Motions for extension of time to respond. The Government was initially ordered to respond to Movant's pending Motions by September 27, 2013. On December 11, 2014 the Government filed a Motion for Extension of Time to Respond to the pending Motions [270]. On December 12, 2014, the Court granted this extension request, for the reasons stated in the Government's Motion, and set a new deadline to respond for December 22, 2014. On December 22, 2014 the Government responded timely to Movant's pending

Motions per the new deadline set by the Court. Therefore, Movant's Motion for Summary Judgment is **DENIED.**

### 3. MOTION FOR EXTENSION OF TIME TO FILE A TRAVERSE RESPONSE TO GOVERNMENT'S RESPONSE [273]

On January 26, 2015 Movant filed a Motion for Extension of Time to File a Traverse Response to the Government's Response to his Motion to Vacate Sentence [273]. Movant filed a reply to the Government's Response on March 13, 2015 [274]. The Court **GRANTS** this Motion.

### 4. MOTION FOR ALL UNREDACTED PAYMENT VOUCHERS [276]

On June 15, 2015 Movant filed a Motion for All Unredacted Payment Vouchers and Justification/Time Sheets for CJA Counsel James C. Thomas and Robert J. Dunn for his criminal proceedings [276]. Movant does not state why these documents are needed or the purpose for his motion. Therefore, the Court **DENIES** Movant's Motion for Unredacted Payment Vouchers [276].

### 5. MOVANT'S MOTION TO VACATE SENTENCE [256]

On May 28, 2013 Movant filed a Motion to Vacate Sentence [256]. Movant filed a Motion to Amend his Motion on July 29, 2013 [259] and filed his Amended Motion to Vacate on the same day [260]. The Court granted his Motion to Amend on September 6, 2013 [263]. Therefore, the Court **DENIES as moot** Movant's

original Motion to Vacate [256] and will rely on the Amended Motion to Vacate Sentence [260], as analyzed below.

### 6.  AMENDED MOTION TO VACATE SENTENCE [260]

On July 29, 2013 Movant filed an amended Motion to Vacate Sentence [260]. Government responded on December 22, 2014 [272] and Movant replied on March 13, 2015 [274]. For the reasons stated below, this Motion is **DENIED**.

### FACTUAL BACKGROUND

Movant was indicted by a grand jury on December 12, 2001, charging him with conspiracy to distribute and distribution of controlled substances [3]. A first superseding indictment was entered on December 12, 2002, which further charged Movant with three drug offenses and a felon-in-possession of ammunition charge [62]. Movant was found guilty on October 24, 2003 by a jury of conspiracy to distribute and distribution of controlled substances, three drug offenses, and a felon-in-possession of ammunition charge [115]. The Court sentenced Movant to concurrent terms of life, life, five years and ten years on March 24, 2004 [132].

On April 9, 2004, Movant, through trial counsel, filed a Motion for New Trial [130]. In the Motion, Movant alleged that "he was not given proper discovery and evidence which could have been used to impeach the government's witnesses [including Chabbu Owens, Efrem Wallace, Anthony Pryor, Charles Wheeler,

5

Tracey Pierce, Moses Simba, Michael McGuire, and Arthur Davis] was withheld."
*Id* at 2. The Government filed a Motion to Dismiss the Motion for New Trial for
being untimely on May 14, 2004 [139]. A hearing was held on June 18, 2004, and
on June 24, 2004 an Order was entered granting the Motion to Dismiss and also
noting that "[e]ven if [Movant's] motion had been timely filed, the court would not
have concluded that a new trial was warranted based on any of the claims set forth
in [Movant's] New Trial Motion." [142].

On April 23, 2004, Movant filed a Notice of Appeal [135]. In his appeal,
Movant challenged his conviction on numerous bases, including various *Brady*
violation allegations that, *inter alia*, the prosecution denied him exculpatory
evidence and that the prosecutor used perjury in the trial. *See United States v.*
*Crider*, 144 Fed. Appx. 531 (6th Cir. 2005). On August 15, 2005, the Sixth Circuit
issued an opinion rejecting all of Movant's grounds for appeal but remanding for a
*Booker* re-sentencing, stating in the pertinent part, that:

> [a]ll of Crider's Brady claims are without merit because in all
> instances of allegedly exculpatory evidence, the information sought
> was either given to him before the trial's end, or it was not
> exculpatory. Even if Crider could point to a Brady violation, he
> cannot establish any prejudicial effect.

*Id* at 534 (citation omitted).

6

On January 6, 2006, Movant filed a second Motion for New Trial *pro se* and once again claimed that Prosecution committed *Brady* violations by withholding evidence regarding various cooperating witnesses, alleging that witnesses committed perjury during trial and/or conspired to fabricate testimony against Movant. [170; 179]. The Court entered an Order denying Movant's second Motion for New Trial on June 30, 2006, stating, *inter alia*, that, regarding Davis, "the jury was presented with overwhelming evidence of [Movant's] guilt at trial," regarding McGuire, that evidence was presented at trial regarding Movant's theory about soliciting "Jason Smith to 'engage in a scheme that involved deliberately lying' about Crider to the [government]," and regarding Pryor that he did not present evidence at trial so any false testimony did not affect the verdict. [182 at 635-637].

Movant appealed this Order *pro se* on July 13, 2006. The Sixth Circuit affirmed this Court's Order on September 17, 2007 when they denied Movant's Motion for New Trial. *Crider v. United States*, No. 06-1977. Concerning the allegations of perjured testimony, the Court found that "any alleged perjured testimony was presented to the jury as impeachment" and "even assuming evidence of guilt and the defense counsel's questioning of the witnesses at trial make it unlikely that Crider's 'new' evidence would produce an acquittal" and that the Sixth Circuit had "already determined, in affirming Crider's convictions, that

7

Crider could not establish that the prosecution utilized perjury in his trial or that the government was aware that any of the witnesses would testify falsely." [207 at 2-3].

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct a sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Movant attacks his sentence on fourteen grounds and requests an evidentiary hearing in his Amended Motion to Vacate. Movant claims that: (1)(a) Prosecution withheld an investigation into letters written by co-defendants which fabricate evidence against Movant, (b) Trial counsel was ineffective for not showing the jury these letters; (2)(a) Prosecution withheld Wayne County Jail (WCJ) and a Federal Detention Center log books, recreation logs and visitor logs concerning the co-defendants, (b) Trial counsel was ineffective for failing to call the WCJ Inmates Records Administrator as a witness; (3)(a) Prosecution withheld various impeachment material on McGuire, Davis and Pierce, (b) Trial counsel was

8

ineffective for failing to obtain this impeachment material; (4) Trial counsel failed
to file a motion for discovery; (5) Trial counsel failed to file a timely motion for
new trial; (6) Trial counsel failed to file a motion to suppress Detective Schuette's
false report to the government; (7) Trial counsel failed to object to search warrants
that Movant asserted were false and failed to recall Detective Schuette; (8) Trial
counsel failed to object to the § 922(g) count on the basis of Movant being actually
innocent; (9) Trial counsel did not object to perjured testimony; (10) Trial counsel
failed to call witnesses for the Movant; (11) Trail counsel failed to file objections
to the Government's notice of intent to seek enhancements of mandatory
minimum; (12) Trial counsel failed to object concerning the amount of drugs
attributable to the Movant; (13) Appellant trial counsel failed to argue various
issues in Movant's appeal; (14) Trial Judge incorrectly sentenced Movant based on
inaccurate drug amounts.

The Government disputes all of these claims both on the merits and for
being subject to procedural default because Movant raised these grounds in
previous appeals or failed to raise them on appeal. "A § 2255 motion cannot be
used to re-litigate an issue that was raised on direct appeal unless exceptional
circumstances exist, such as an intervening change in the law." *Morrow v. United
States*, 156 F.3d 1231 (6th Cir. 1998). Additionally, a Movant will be procedurally

barred from asserting claims in a § 2255 motion that could have been raised on direct appeal but were not brought unless the Movant can show good cause for failing to raise the claim on direct appeal and that Movant would suffer actual prejudice if the claims were not heard. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, ineffective assistance of counsel claims are exempted from the general rule barring a court from considering, on a motion to vacate sentence under 28 U.S.C.§ 2255, arguments not raised on direct appeal. *Id.*

It is undisputed that Movant previously brought Ground 2 of his Motion to Vacate. Movant maintains that all other Grounds in his Motion are brought here for the first time. The Court concludes that Movant has previously raised Grounds 1 and 3 as well, because Movant states that these Grounds were presented in a supplemental *pro se* brief before the Sixth Circuit on his first appeal. [260 at 5; 262 at 112-117]. Therefore, the Court concludes that Movant has previously brought Grounds 1, 2 and 3, and that all other claims have not been previously raised by Movant.

The Government argues that the Court should deny all of Movant's claims on the basis that they were either previously raised, or could have been raised, on appeal but were not. In his reply, Movant sets forth five reasons as to why his case meets the "extraordinary circumstances" required for the Court to address his

claims that have been previously heard. Movant attests that the following exceptional circumstances he only recently discovered: reasons (1)-(3) all pertain to information obtained by Movant in a FOIA request, which showed that ex-AUSA Richard Convertino, who was fired from the U.S. Attorney's office for withholding discovery in the *United States v. Koubriti*, 199 F.Supp.2d 656, 659 (E.D.Mich.2002), was involved in Movant's criminal case alongside AUSA Janice Terbush, and signed off on electronic surveillance requests; (4) the attachment of Defense Counsel's acknowledgement of receipt of discovery by the Government in their response, which only pertains to discovery materials 1686 through 1740; and (5) the repeating of Bates numbers on discovery material which Movant attached as exhibits Q-6 through Q-10.

The Court does not consider that extraordinary circumstances exist in this case. First, Movant's evidence illustrates that former AUSA Richard Convertino's involvement in his original criminal case was limited to the signing of two surveillance requests. There is no evidence that he actively assisted AUSA Terbush beyond that, or that his presence on this case implicates anything concerning the grounds raised in his § 2255 Motion. Additionally, the surveillance requests he signed are not brought by Movant as a ground for vacating his sentence, and so the limited role that Convertino played in the case established by the evidence

presented by Movant does not amount to extraordinary circumstances. Moreover, the factors concerning the Bates numbers do not support a finding of extraordinary circumstances because the Government's failure to attach Defense Counsel's entire acknowledgement of receipt of discovery does not mean that they do not exist, or that information was withheld. Therefore, the Court declines to find extraordinary circumstances based on these grounds as well.

Because there are no extraordinary circumstances, Grounds 1-3 are barred because Movant has brought them in his previous appeals. *Morrow*, 156 F.3d (1998). However, while the remaining grounds have not been previously raised in his previous appeals, they are predicated upon ineffective assistance of counsel allegations and will accordingly be analyzed based on the merits below. *Massaro*, 538 U.S. (2003).

### a. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Movant alleges a violation of his constitutional right to counsel, "an error of constitutional magnitude." *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (*quoting Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). To establish ineffective assistance of counsel, a movant must show that defense counsel rendered deficient performance and thereby prejudiced the movant's defense, so as to render the outcome of the proceedings unreliable. *See Strickland*

12

*v. Washington*, 466 U.S. 668, 687 (1984).  "Counsel's failure to object to an error at sentencing or failure to raise a viable argument that would reduce his client's sentence may constitute deficient performance."  *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (citing *United States v. Thomas*, 38 Fed. Appx. 198, 203 (6th Cir. Mar. 15, 2002)).  However, a court owes "substantial deference to counsel's decisions not to raise an argument, even a meritorious argument, if the decision might be considered sound trial strategy."  *Id.* (quoting *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005)) (internal quotation marks omitted).  Therefore, counsel's omission of an argument for a lighter sentence constitutes deficient performance only if the omission was objectively unreasonable.  *See id.*  If a movant establishes that counsel's performance was in fact deficient, he need not prove that an effective counsel likely would have changed the outcome; he need only show a probability of a different outcome sufficient to undermine confidence in the results of the proceedings.  *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986) (citing *Strickland*, 466 U.S. at 694).

### i.  MOTION FOR DISCOVERY

Movant claims ineffective assistance of counsel because his attorney failed to file a Motion for Discovery. Movant supports this allegation by presenting evidence from a FOIA request that he made which includes signed documents for

13

surveillance requests and Management Logs from the Federal Bureau of Alcohol, Tobacco and Firearms, and based on materials received by Movant that have duplicated Bates numbers.

First, there is no evidence presented from the documents that the redacted FOIA materials contain information that was not disclosed in the thousands of pages of discovery material turned over at trial, that these materials were discoverable in the context of his case, or that they even included exculpable material that could have changed the outcome of the case or prejudiced him in any way.

Additionally, Movant provides exhibits of received duplicate copies of certain documents with different Bates numbers but does not show that a different outcome would have occurred if a Motion for Discovery was filed. [256-5 at 1591-1600]. While Movant asserts that there are "thousands" of these duplicates, only three instances are shown, and this does not indicate that any other of the thousands of pages of discovery provided were duplicates. These three duplicated documents with different Bates numbers do not indicate that the outcome would have been changed; there is still the weight of all of the other testimony provided against Movant and the thousands of other pages of discovery. Moreover, the mere fact that a document was provided three times and mislabeled with different Bates

numbers does not suggest that additional thousands of pages of discovery are also deficient, that complete discovery was not turned over, or that Movant was prejudiced. Therefore, this ground for ineffective assistance of counsel must fail.

### ii.  MOTION FOR NEW TRIAL

Movant asserts that his counsel was ineffective in his Motion for New Trial based upon the following: trial counsel was ineffective in failing to timely file the Motion, in not providing Movant or his appellate attorney an opportunity to evaluate the Motion before the hearing, in not bringing Movant to the Motion hearing, and in failing to take sufficient action on his behalf at the Motion hearing. Additionally, Movant contends that the hearing transcript contains statements made by the Court that contradict the Order.

Movant has failed to introduce any evidence, or to make any allegations that these challenges would have led to a different outcome in the disposition of his case. First, as described above on pages 5-6 of this Order, while the Court technically granted the Order of Dismissal of the Motion for New Trial based on timeliness grounds, the Order also looked at the merits of the Motion and stated that "[e]ven if [Movant's] motion had been timely filed, the court would not have concluded that a new trial was warranted based on any of the claims set forth in [the] New Trial Motion." [142].

15

Movant attempts to point to a discrepancy between the record of the comments made at the hearing and the contents of the order. He maintains that the Court actually said that the Motion for New Trial would be granted if the Motion had been filed on time, while the Order in fact states that the Motion would have been denied on the merits. However, Movant misunderstands the transcript of the hearing. The portion of the transcript that he relies upon is when government counsel is clarifying with the Court the wording of the order. Earlier, the Court had stated, "…I will not usurp the role of the jury. I did not think that their decision was without factual support. And therefore I will deny what I have now called a motion to certify that I would grant a motion." [163 at 6]. At the end of the hearing, government counsel begins a clarifying statement to the Court:

> MS TERBUSH: I understand the first order I'm going to prepare is an order granting my motion to dismiss. And the second order I understand to be…an order denying a motion to certify…

> THE COURT: That I would grant a new trial if I did have jurisdiction.

*Id*. As correctly read, the Court was merely stating that the order would deny the Motion for New Trial, which would be referred to as a "motion to certify that I would grant a new trial." Therefore, the Movant has not shown that the Court would possibly have granted his Motion for New Trial if it had been timely filed. It

16

is undisputed based on record evidence that the Court would have denied the Motion regardless of when it was filed.

Despite having access to the transcript of motion hearing and the motion for new trial itself, Movant cannot explain how either his input into the motion, or his presence at the hearing, would have had an impact on the outcome of his case. A defendant's right to be present at a stage of a criminal proceeding is not absolute; that right is only guaranteed if the presence of the defendant would contribute to the fairness of the procedure. *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Because the Court expressly stated that it would not grant a Motion for New Trial based on its interpretation of evidence that the jury had based their verdict on, there is no basis to argue that any changes to the Motion, or the presence of the Movant at the hearing, would have had an impact of the outcome. Movant has not offered any theory as to how his presence at the hearing would have contributed to the fairness of the process. Finally, Movant does not provide any evidence, or advance any real argument, as to why trial counsel's performance at the hearing was insufficient. Therefore, this ground for vacation of sentence is denied.

### iii. MOTION TO SUPPRESS

#### 1. DETECTIVE SCHUETTE'S REPORT

Movant argues that his trial counsel was ineffective when he failed to file a motion to suppress Detective Schuette's reports, which he avers, were false. The contents of the reports and the inconsistencies were detailed in Schuette's testimony at trial. As Movant himself states in his Amended Motion, Defense Counsel cross-examined Schuette about the "bi-weeklies" and "reports" that were used to create his eighteen page summary, and this testimony revealed the inconsistencies of his report in the impeachment evidence obtained by Defense Counsel during cross-examination. Therefore, similar to the discussion on page 20 below concerning Schuette's testimony, the inconsistencies in the reports at issue were revealed to the jury. The jury weighed this impeachment evidence and, in light of the weight of evidence presented against Movant, found him guilty. Therefore, he cannot establish any prejudice or that the results would have been different if the Defense Counsel had made a Motion to Strike the report, and this challenge necessarily fails.

#### 2. SEARCH WARRANTS

Movant argues that his counsel was ineffective because he did not move to suppress search warrants obtained in his case that Movant contends were not

legitimate because officers forged Judges' signatures, and failed to request a

hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Movant's belief that the

search warrants are forged is based on inconsistent dates in the fax headers found

at the top of some of the several warrants that were issued. He argues that the

date/time stamp on these documents is proof that the officers forged them by

pasting a copy of the Judges' signatures onto a blank document.

In order to challenge the validity of a search warrant in a *Franks* hearing, a

Defendant must:

> make [] a substantial preliminary showing that a false statement
> knowingly and intentionally, or with reckless disregard for the truth,
> was included by the affiant in the warrant affidavit, and [] the
> allegedly false statement is necessary to the finding of probable cause.

*United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008), *quoting Franks*

*v. Delaware*, 438 U.S. 154, 155–56 (1978).

Movant cannot meet this heavy burden to successfully allege that his counsel

should have made a Motion to Suppress the search warrants and request a *Franks*

hearing. There are numerous reasons why the dates on the fax headers do not

match, and none of these stem from an alleged forgery but rather from

technological issues with the fax machines used themselves. Additionally, the fax

headers themselves have nothing to do with the communication between the

Judges who signed these warrants and the affiant, and so are therefore immaterial

19

when analyzing the veracity of the search warrants. Because Movant has failed to show that a *Franks* hearing should have been triggered by the search warrants, or that the search warrants should have been suppressed, trial counsel was not ineffective for failing to raise this issue, and this ground is denied.

### iv.  MOTION TO STRIKE WITNESS TESTIMONY

#### 1.  WITNESS TESTIMONY ABOUT OFFICER SCHUETTE'S REPORT

The failure to move to strike the witness testimony of Officer Schuette concerning his report is alleged by Movant to be evidence of ineffective assistance of counsel, because Officer Schuette's testimony at trial was inconsistent with his grand jury testimony. As the Court noted in its Motion for New Trial [182], inconsistent testimony does not establish perjury, but rather only provides impeachment evidence. Additionally, questions of inconsistent testimony are to be decided by the jury. *United States v.* Yono, 798 F. 2d 1417 (6th Cir. 1986). Considering the overwhelming evidence of guilt presented, and the questioning of the witness by Defense Counsel, Movant has not shown prejudice or that the outcome would have been different if the testimony was stricken. Therefore, this claim is denied.

### 2. WITNESS TESTIMONY ABOUT AUDIBILITY OF TAPE RECORDING

Movant seeks to state a claim of ineffective assistance of counsel based on the failure of counsel to move to strike testimony of Officers Brunson and Hamilton about the audibility of a tape recording. This challenge does not qualify as ineffective assistance of counsel because, during the trial, impeachment evidence concerning this recording was entered as to Hamilton's testimony and Defense Counsel cited to the lack of a recording in closing arguments. It is clear that the jury received significant impeachment evidence concerning this recording and rejected that evidence in favor of the other evidence that pointed to guilt. It is not for the Court to second-guess the evaluation of the evidence by the jury, and therefore this challenge fails.

### v. PROHIBITION ON POSSESSING WEAPONS/AMMUNITION

Movant was convicted of illegally possessing ammunition on December 12, 2001, in violation of 18 U.S.C. § 922(g)(1), because of his "prohibited person" status due to his previous convictions on or about January 20, 1988 for attempted possession with intent to deliver cocaine and carrying a concealed weapon, and his subsequent escape from prison, for which he was convicted on or about March 8, 1989. Movant contends that his counsel was ineffective for not objecting since, as

a matter of law, he was allowed to possess ammunition under the Michigan law and also had his civil rights fully restored because five years had expired since his release from prison.

However, Movant misreads both Michigan law and Federal law in making this argument. § 922(g) provides, in the relevant part, that:

> it shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year… to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition.

18 U.S.C.A. § 922. § 921(a)(20) defines the parameters of the statute and exempts from category of applicable offenses:

> [a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C.A. § 921.

As applied in the Sixth Circuit:

> The federal felon-in-possession statute involves a two-part inquiry: (1) if a convicted felon's civil rights have been restored under state law, he shall no longer be considered a felon for purposes of § 922(g), except (2) if, pursuant to the "unless clause" of § 921(a)(20), the felon remains prohibited from firearms possession. This court has stated that the "unless clause" applies if the "restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

22

*United States v. Campbell*, 256 F.3d 381, 392 (6th Cir. 2001), *abrogated on other grounds by Begay v. United States*, 553 U.S. 137 (2008). Importantly, it is "the law of the State of conviction, not federal law, that determines the restoration of civil rights as a rule." *Caron v. United States*, 524 U.S. 308, 316 (1998).

Under Mich. Comp. Laws § 750.224f(4) "[a] person convicted of a specified felony shall not possess, use, transport, sell, carry, ship, or distribute ammunition in this state" unless five years have passed from the successful completion of the previous sentence (including, *inter alia* the successful completion of parole) and a person has their right to possess ammunition restored MCL § 28.424(4), which requires submission of an application to the circuit court in their county of residence and obtain a written order from the court restoring their rights.

There is no dispute that Movant committed a "specified felony" and fell under the prohibition of MCL § 750.224f when he was convicted of attempting to possess with intent to deliver cocaine and carrying a concealed weapon in State Court on January 20, 1988. Movant was subsequently released from prison on September 1, 1997. It is also undisputed that Movant did not apply for a Court Order restoring his civil right to possession of ammunition. Accordingly, under Michigan State Law, his civil right to possess ammunition was not restored when

23

he was indicted for such possession, and therefore he was eligible for conviction under 18 U.S.C. § 922(g)(1).

Movant argues that since his civil rights, such as his right to vote, hold public office, and serve on a jury were restored at the time that he was charged with a violation of § 922(g), he could not be guilty of the charge since his civil rights had been restored. *Hampton v. United States*, 191 F.3d 695, 699 (6th Cir. 1999) However, MCL § 750.224f by its very implication stands for the proposition that "even after a person's civil rights have been restored, Michigan law restricts a convicted person's right to possess firearms for a period of time after the sentence imposed for a particular crime has been served." *United States v. Cooper*, No. 08-20464, 2012 WL 12706, at *4 (E.D. Mich. Jan. 4, 2012), *quoting Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir.2002) (unpublished). § 921(a)(20) mandates that if a State law "expressly provides that the person may not …possess…ammunition" then civil rights are not considered restored under § 922(g), and a person may be charged with that crime. *See United States v. McCalebb*, No. CIV. 06-12464, 2006 WL 2192643, at *1 (E.D. Mich. Aug. 2, 2006).

Given the Court's analysis of Movant's criminal history and lack of application to State Court to restore his civil right to possess of ammunition,

Movant's civil rights to possess ammunition were not restored at the time of indictment and therefore the ineffective assistance of counsel challenge with respect to a lack of objection to the § 922(g) charge must fail.

### vi. FAILURE TO CALL DEFENSE WITNESSES

Movant claims that his counsel's failure to call a list of 22 defense witnesses he provided Trial Counsel, and the failure to recall witness Detective Schuette, was ineffective. The choice of what witnesses to call is squarely within the realm of legal strategy and "[c]laims that counsel failed to call witnesses are not favored on federal habeas review…because speculation about what witnesses would have said on the stand is too uncertain." *Woodfox v. Cain*, 609 F. 3d 774, 808 (5th Cir. 2010). To combat claims of relief based on mere speculation, but still permit meritorious claims of ineffective assistance of counsel based upon a failure to call defense witnesses, federal courts have required that a Movant "demonstrate prejudice by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense." *Id*. (internal quotation omitted).

In his Motion, Movant has merely listed the names of the witnesses, accompanied by a conclusory statement of what he thinks they would have said if

25

they had been called. He has not provided evidence that they would have agreed to appear, or that they were even available to testify, and he has failed to provide any proof about the contents of their hypothetical testimony other than unsupported assertions by the Movant himself. [262 at 90-98]. Without basis in the record supporting claims about possible testimony, Federal Courts have found that a Movant's "bald assertions on a critical issue in his pro se petition…[that are] unsupported and unsupportable by anything else contained in the record to be of probative value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

With respect to the testimony of Detective Schuette, Movant claims that Schuette lied in his testimony, and the decision not to recall the witness to expose these lies, constitutes prejudice and would have led to a different outcome. However, a witness' "truthfulness was a question for the jury, not for the courts" *United States v. Yono*, 798 F.2d 1417 (6th Cir. 1986). Any inconsistencies between his testimony and his reports were weighed by the jury, which decided that Movant was guilty.  Considering the overwhelming amount evidence of guilt to which the Court referred in the first New Trial motion, there is no prejudice shown since it is not apparent that the calling of the witnesses could have had an effect on the outcome, and this challenge must fail.

### vii.   Failure to Challenge 21 U.S.C. § 851 Enhancement

Movant alleges as ineffective assistance of counsel trial counsel's failure to challenge the 21 U.S.C. § 851 sentence enhancement. 21 U.S.C. § 841(b)(1) mandates that at least 10 years be added to the sentence of a person convicted under this section, and further requires a 20 year minimum if the defendant has a prior "felony drug offense," and the government files an information regarding the crime under 21 U.S.C. § 851. The Government did file information pertaining to Movant on January 31, 2002 based on his previously mentioned State Court conviction of the attempted possession of controlled substances-delivery/manufacture of less than 50 grams on or about January 20, 1988 [29].

Movant claims that because his civil right to possess ammunition was restored under his interpretation of Michigan Law, his previous conviction for a felony drug offense should not have triggered the sentence enhancement. As the Court discussed above on pages 21-25, Movant is incorrect when he argues that his civil right to possess ammunition was restored. Additionally, per the Sixth Circuit, "the meaning of the phrase 'have become final' in 21 U.S.C. § 841(b)(1)(B) [i]s a question of federal law rather than state law" and "a prior conviction is 'final' within the meaning of section 841(b) when the time for taking a direct appeal from the judgment of conviction has expired." *United States v. Walker*, 160 F.3d 1078,

27

1093 (6th Cir. 1998). Therefore, the question of the restoration of Movant's civil rights under State law has no bearing on the finality of the previous conviction. Accordingly, Movant's ineffective assistance of counsel claim based on the lack of objection to the 21 U.S.C. § 851 enhancement fails.

### viii.  SENTENCING GUIDELINES ARGUMENT

Movant asserts in two grounds that his counsel was ineffective for not filing an objection, or making factual arguments on the record, about the quantity of drugs attributed to him, which raised his base level offense from a 32 to a level 38, and that the sentence given by the Court was illegal. The trial court and the Court of Appeals have addressed this argument several times already. On the very first appeal effectuated by Movant, this issue was addressed, with the Sixth Circuit stating that "we find no error in the calculation of the offense level or criminal history, but the matter is remanded for reconsideration of the sentence pursuant to *Booker*." *United States v. Crider*, 144 F. App'x 531 at 536 (6th Cir. 2005). At the resentencing hearing before the trial court, the Court was asked by Movant to reconsider and recalculate his offense level and criminal history score, specifically requesting that the amount of drugs he was responsible for be lowered. *United States v. Crider*, 468 F. App'x 457, 459 (6th Cir. 2012). Once again, the Court allowed both parties to revisit the sentencing issues and rejected Movant's

28

argument to lower the drug quantity because it was bound to the jury's determination of drug amount. *Id*. Finally, the issue was addressed in Movant's appeal of his second Motion for New Trial, and the Court stated "the court did not clearly err in determining the amount of cocaine base attributable to Crider for the purposes of sentencing." *Id* at 461.

Movant fails to present any new evidence supporting his claim that would overcome this Court's previous determination of the issue. Therefore, Movant's trial counsel was not ineffective by failing to object to the Presentence Investigation Report and this ground is denied.

### b. INEFFECTIVE ASSISTANCE OF APPELLANT COUNSEL

Movant also alleges that his appellant counsel was ineffective for misrepresenting to the Sixth Circuit the amount of time he spent with the Movant preparing his appeal, failing to argue the *Giglio* issue, and failing to challenge all of the prosecution's alleged *Brady* violations.

When asserting ineffective assistance of counsel against appellant counsel, the same *Strickland* standard applies. *Ballard v. United States*, 400 F. 3d 404, 407 (6th Cir. 2005). Movant cannot establish any prejudice because he admits that he presented every claim that his appellate counsel failed to present before the Sixth Circuit in a *pro se* supplemental brief. Additionally, his allegation that appellate

counsel misrepresented the amount of time spent with Movant does not establish prejudice because he cannot show, and does not allege, that this had an impact on the outcome of his appeal. Therefore, this ground is denied.

### c. EVIDENTIARY HEARING

In his Amended Motion to Vacate Sentence, Movant requests an evidentiary hearing. "Where there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). While "the burden on the petitioner in a habeas case for establishing an entitlement to an evidentiary hearing is relatively light," a Movant seeking an evidentiary hearing must still raise a "factual question regarding the effectiveness of his trial counsel." *Id* at 476-77. Mere "conclusory allegations" and "bald assertions" are not sufficient to justify requiring the Government to respond to discovery or to require an evidentiary hearing. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

In his Amended Motion, as discussed above, Movant has failed to establish that an evidentiary hearing is required to resolve any of the issues because the record presented by Movant does not create a factual question and merely rests on bald assertions and conclusory statements. Therefore, the request for an evidentiary hearing is **DENIED.**

30

### 7. CERTIFICATE OF APPEALABILITY

Movant is denied a certificate of appealability, with respect to all arguments except Movant's argument that his counsel was ineffective for failure to file a Motion for Discovery.

### 8. MOTION FOR LEAVE TO CONDUCT DISCOVERY [255]

Movant filed a Motion for Leave to Conduct Discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts on May 28, 2013. [255]. Per Rule 6, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." SECT 2255 Rule 6. As discussed above on pages 5-30, Movant does not establish that he suffered prejudice or that any of the above grounds would have an effect on the outcome considering the weight of the evidence against him. Therefore, the Court **DENIES** Movant's Motion for Leave to Conduct Discovery [255].

### 9. MOTION TO APPOINT COUNSEL [254]

On May 28, 2013, Movant filed a Motion for Appointment of Counsel to support prepare his § 2255 Motion, Motion for Discovery, and represent him at

31

an evidentiary hearing [254]. Because these Motions have been denied with this Order, the Court **DENIES** Movant's Motion for Appointment of Counsel. [254].

**IT IS ORDERED** that Amended Motion to Vacate Sentence [260] is **DENIED.**

**IT IS FURTHER ORDERED** that Motion to Vacate Sentence [256] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Motion to Appoint Counsel [254] is **DENIED.**

**IT IS FURTHER ORDERED** that Motion for Leave to Conduct Discovery [255] is **DENIED.**

**IT IS FURTHER ORDERED** that Motion for Summary Judgment [265] is **DENIED.**

**IT IS FURTHER ORDERED** that Motion for Extension of Time to File [273] is **GRANTED.**

**IT IS FURTHER ORDERED** that Motion for Redacted Payment Vouchers [276] is **DENIED.**

**IT IS FURTHER ORDERED** that Motion for Retroactive Application of Sentencing Guidelines [268] is **GRANTED.**

**IT IS FURTHER ORDERED** that certificate of appealability is denied with respect to all arguments except Movant's argument that his counsel was ineffective for failure to file a Motion for Discovery.

**SO ORDERED**.

s/Arthur J. Tarnow<br>
Arthur J. Tarnow<br>

Dated: April 20, 2016                    Senior United States District Judge