UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
        Plaintiff,

v.

**WARNER CRIDER**,
        Defendant.

Case No. 01-CR-81028-01

Hon. Arthur J. Tarnow

**MOTION FOR INDICATIVE RULING UNDER FRCrP 37**

Defendant Warner Crider, by his attorney, John Minock, requests that this Court granty his motion for the following reasons:

1. Crider was convicted of by jury of count 1, conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, 21 USC 846, 841(a); count 3, distribution of 5 grams or more of cocaine base, aiding and abetting, 21 USC 841(a)(1) and 18 USC 2; count 6, possession with intent to distribute and to distribute marijuana, aiding and abetting, 21 USC 841(a)(1) and 18 USC 2; and count 7, felon in possession of ammunition, 18 USC 922(g)(1).

2. At sentencing, the Court found that Crider had a criminal history category of V and a total offense level of 43, based upon judicial fact finding that Crider was responsible for 1.5 kilograms or more of crack cocaine, and imposed life sentences on counts 1 and 3, and concurrent sentences of five years on count 6 and ten

years on count 7.  R 132 , Judgment of Sentence; R 141 Amended Judgment.

3. On November 6, 2014, Crider filed a *pro se* Motion for Resentencing, R 268, which this Court granted on April 16, 2016, reducing Crider's life sentences to terms of 360 months.  R 282, Order Regarding Motion for Sentence Reduction.

4. On April 16, 2019, Crider filed a *pro se* Motion for imposition of a reduced sentence pursuant to the First Step Act.  R 299.

5. The Court granted the motion, conducted a resentencing, and on December 12, 2019, sentenced Crider to 268 months as to Counts 1 and 3, 60 months as to Count 6, and 120 months as to Count 7, to run concurrent to one another.  Judgment, R 318.

6. The government filed a notice of appeal.  R 320.  Three government motions to extend the briefing schedule have been granted by the Sixth Circuit.

7. Defendant is eligible to file a compassionate release motion.  The undersigned has been appointed for that purpose, and the Court has issued a briefing schedule.

8. Defendant wrote to the warden at FCI Milan on April 6, 2020, to request the warden at his institution to initiate a motion for compassionate release for him due to his health and COVID-19, but had not received a reply as of June 9, 2020.

9. Because jurisdiction in the case is currently in the Sixth Circuit,

Defendant requests that, pursuant to FRCrP 37(a)(3), the Court state that such a motion would raise a substantial issue, so that Defendant can seek a limited remand from the Court of Appeals to allow this Court to consider such a motion.

10. The government does not agree to the relief requested.

11. Defendant requests that the Court set an expedited schedule for the government to reply to this motion, so that, if granted, Defendant can file an expedited motion for remand in the Sixth Circuit.

**WHEREFORE**, Defendant requests that the Court issue an Indicative Ruling pursuant to FRCrP 37.

Dated: July 9, 2020	/s John Minock  (P24626)
	Attorney for Defendant
	339 E. Liberty St., Ste. 200
	Ann Arbor, Michigan 48104
	(734) 668-2200
	jminock@cramerminock.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,
   Plaintiff,        Case No.  01-CR-81028-01

v.

               Hon.  Arthur J. Tarnow

**WARNER CRIDER**,
   Defendant.

---

**BRIEF IN SUPPORT OF MOTION
FOR INDICATIVE RULING UNDER FRCrP 37**

   Defendant Warner Crider was convicted of by jury of multiple counts and initially sentenced to life.  On April 16, 2016, the Court reduced Crider's life sentences to terms of 360 months.

   On April 16, 2019, Crider filed a *pro se* Motion for imposition of a reduced sentence pursuant to the First Step Act.  The Court granted the motion, conducted a resentencing, and on December 12, 2019, sentenced Crider to 268 months as to Counts 1 and 3, 60 months as to Count 6, and 120 months as to Count 7, to run concurrent to one another.

   The government filed a notice of appeal.  Three government motions to extend the briefing schedule have been granted by the Sixth Circuit.

Defendant is eligible to file a motion for reduction of sentence under 18 USC 3582, a so-called "compassionate release" motion, the undersigned has been appointed for that purpose, and the Court has set a briefing schedule.

Because jurisdiction in the case is currently in the Sixth Circuit pursuant to the government appeal of this Court's ruling on the First Step Motion, this Court may not have jurisdiction to rule on a motion for compassionate release. Defendant requests that, pursuant to FRCrP 37(a)(3), the Court state that such a motion would raise a substantial issue, so that Defendant can seek a limited remand from the Court of Appeals under FRAP 12.1.

FRCrP 37 provides:

Rule 37. Ruling on a Motion for Relief That Is Barred by a Pending Appeal

(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

    (1) defer considering the motion;

    (2) deny the motion; or

    (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

(b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the

district court states that it would grant the motion or that the motion raises a substantial issue.

(c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

FRAP 12.1 provides that the Circuit Court can grant a remand if this Court states that such a motion would raise a substantial issue:

Rule 12.1 Remand After an Indicative Ruling by the District Court on a Motion for Relief That Is Barred by a Pending Appeal

(a) Notice to the Court of Appeals. If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

(b) Remand After an Indicative Ruling. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

For all the above reasons, Defendant requests that the Court issue an indicative ruling that such a motion would raise a substantial issue.

Dated: July 9, 2020  /s <u>John Minock</u>  (P24626)
Attorney for Defendant
339 E. Liberty St., Ste. 200
Ann Arbor, Michigan 48104
(734) 668-2200
jminock@cramerminock.com

3

## CERTIFICATE OF SERVICE

      I hereby certify that on July 9, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

                                                            /s <u>John Minock</u>