UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARNER BERNARD CRIDER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Criminal Case No. 01-81028-1

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING PETITIONER'S MOTION FOR COMPASSIONATE RELEASE**

On July 8, 2020, Warner Crider, filed a Motion to Appoint Counsel [323] to represent him in pursuit of his immediate compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) from Federal Correctional Institution ("FCI") Milan due to the COVID-19 pandemic. (ECF No. 323). After the Court appointed counsel, Government filed a Response [328] on July 17, 2020. Petitioner filed a Supplemental Brief [329] on July 21, 2020. The Court held a hearing on the motion on July 27, 2020. For the reasons stated below, and on the record, the Court **GRANTS** Crider's Motion for Compassionate Release.

**FACTUAL BACKGROUND**

On October 24, 2003, a jury convicted Warner Crider of: 21 U.S.C. §§ 846, 841(a)(1), and 851, Conspiracy to Possess With Intent to Distribute and to Distribute

50 Grams or More of Cocaine Base (Count 1), 21 U.S.C. §§ 841(a)(1) and 851, Aiding and Abetting Distribution of 5 Grams or More of Cocaine Base (Count 3), 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Aiding and Abetting Possession With Intent to Distribute and to Distribute Controlled Substances (Count 6), and 18 U.S.C. § 922(g)(1), Felon in Possession of Ammunition (Count 7).

On March 24, 2004, the Court sentenced Crider to Life as to Count 1, Life as to Count 3, 60 months as to Count 6, and 120 months as to Count 7. (ECF No. 132). On April 5, 2016, the Court reduced Crider's sentence under 18 U.S.C. § 3582(c)(2) to 360 months (30 years) as to Counts 1 and 3. (ECF No. 282). On January 22, 2020, the Court further reduced Crider's sentence under Section 404(b) of the First Step Act to 268 months as to Counts 1 and 3 (22 years and 4 months). (ECF No. 318). His projected release date is March 4, 2021.

Mr. Crider is 51 years old. He is 6'3" and 280 pounds, with a body mass index (BMI) of 32. (ECF No. 329, PageID. 4253). His medical records indicate that he suffers from: Type 2 diabetes, obesity, hypertension and hyperlipidemia. (ECF No. 332-2). He takes medication for all of his chronic conditions. (*Id.*). On April 6, 2020, Crider wrote a letter to his warden requesting to be released and placed on home confinement due to the risk of the pandemic. (ECF No. 392-2). He has not received a response.

## ANALYSIS

The compassionate release statute states the following in relevant part.

**(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

**(i)** extraordinary and compelling reasons warrant such a reduction.

18 U.S.C.A. § 3582.

The Government argues that Crider's request for home confinement did not qualify as a compassionate release request simply because it did not include the phrase "compassionate release." The Court disagrees. Courts liberally construe the pleadings of a *pro se* litigant and hold them to less stringent standard than the pleadings of an attorney. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Crider's letter to his warden is no exception. The global pandemic and the legal mechanisms that have emerged in response have been novel challenges for both *pro se* litigants and experienced practitioners alike. Exhaustion is designed to allow the Bureau of Prisons (BOP) to have the first opportunity to effectively respond to the requests and grievances of those in their custody. They were given that opportunity

here and they failed to act. Under this circuit's precedent, because 30 days has lapsed since the warden's receipt of Crider's request for release, he has exhausted his administrative remedies. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

The Court now has three questions to answer: first, whether extraordinary and compelling reasons warrant a reduction in sentence, second, whether Crider poses a danger to the community, and third, whether a sentence reduction is consistent with the § 3553(a) factors. *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

1. Extraordinary and Compelling Reasons for Release

In order to determine if extraordinary and compelling reasons exist to release Crider, the Court must determine if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement recites the following:

> **1. Extraordinary and Compelling Reasons.--**Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> **(A) Medical Condition of the Defendant.--**
> **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(ii)** The defendant is--
> **(I)** suffering from a serious physical or medical condition,
> **(II)** suffering from a serious functional or cognitive impairment, or

>> **(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover
>> [. . .]
>
> **(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13

Here, Crider has presented "Other Reasons" in combination with his serious medical conditions, to warrant compassionate release. While the COVID-19 pandemic is devastating in every region it invades, prison populations are subject to heightened vulnerability. *See, e.g.*, Danielle Ivory, *"We Are Not a Hospital": A Prison Braces for the Coronavirus*, N.Y. Times (March 17, 2020), https://www.nytimes.com/2020/03/17/us/coronavirus-prisons-jails.html (citing densely populated living conditions, shortage of masks, soap, and hand sanitizer, and the inability to routinely disinfect surfaces and maintain safe distances between inmates and guards as reasons prisoners are at increased risk of infection); *See, e.g.*, Courtney Bublé, *Federal Prisons Pose 'Imminent Danger' in Spreading COVID-19, Union Says*, Government Executive (April 6, 2020), https://www.govexec.com/oversight/2020/04/federal-prisons-pose-imminent-danger-spreading-covid-19-union-says/164390/ (detailing a prison workers' union

complaint to OSHA complaining of "imminent danger" due to the BOP's failure to follow national safety guidelines).

Furthermore, the persuasive precedent for granting compassionate release under the current circumstances is overwhelming. *United States v Andre Williams*, Case No. 04-cr-95/MCR, at *7 (N.D. Fla. April 1, 2020) ("[A]n outbreak of COVID-19 in Williams' facility would likely have fatal consequences for him. Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); *see also United States v. Teresa Ann Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *3 (E.D. Wash. Mar. 31, 2020); *United States v. Campagna*, No. 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020), at *2.

Crider argues that his underlying conditions warrant similar treatment and the Government does not dispute this. The Center for Disease Control and Prevention has recognized that people with Type 2 diabetes and/or a BMI of 30 and over have an increased risk of severe illness from COVID-19. *People with certain Medical Conditions, Centers for Disease Control and Prevention,* CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html# (last visited July 28, 2020).

Furthermore, the Court has heightened concern for Crider's health and safety in FCI Milan. The prison reports that 151 inmates and staff members have contracted and recovered from the virus; 3 inmates and 1 staff member are currently positive; and 3 inmates have died. *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 28, 2020). Continuing to incarcerate Crider in an enclosed environment while the virus runs rampant, is a potentially deadly decision. Therefore, extraordinary and compelling reasons exist for Crider's immediate compassionate release.

2. Danger to the Community

Federal Sentencing Guideline 1B1.13 provides for compassionate release only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. 1B1.13. The Government solely opposes Crider's release based on his past criminal conduct. Although the Court recognizes both the merits of the Government's arguments and the severity of Crider's past crimes, the Court holds that Crider's record of rehabilitation from 17 years of incarnation significantly mitigates his risk of recidivism.

Crider has had only one disciplinary incident in prison for "failing to follow safety regulations" on July 6, 2006. (ECF No. 332-3). His record has been spotless since then and the BOP has indicated that he has a medium risk of recidivism. (ECF No. 332-5). Most significantly, on October 16, 2019, Crider rescued a corrections

officer from being sexually assaulted at the Oklahoma City Federal Transit Center. (ECF No. 329-2). The BOP has since given Crider an Act of Heroism reward for his efforts. (*Id.*).

Crider has also spent his time in prison participating in a long list of educational classes and job skills trainings including: GED, Microsoft, sanitation, parenting, and release preparation. (ECF No. 332-4). He has also completed several drug rehabilitation and education programs. (ECF No. 332-6).

The Court also takes comfort in the fact that Crider will reside with family in Texas, far from his prior criminal contacts and influences. His family will also assist Crider in obtaining employment. Additionally, a probation officer has spoken to his family in Texas and verified the suitability of this placement. The Court is aware that a member of this household was convicted of a felony in 1996. However, considering that this record is over two decades old, the Court finds that the benefit of a placement in a supportive environment far outweighs the minimal risk of co-habiting with a person with a decades old felony conviction.

3. Section 3553(a) Factors

A district court contemplating a motion for compassionate release must consider the § 3553(a) sentencing factors. Those are as follows:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
**(2)** the need for the sentence imposed--
**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
**(3)** the kinds of sentences available;
**(4)** the kinds of sentence and the sentencing range established for--
**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

18 U.S.C.A. § 3553.

The Court's consideration of these factors is explicated both in this opinion's analysis of U.S.S.G. 1B1.13 and on the record of the July 27, 2020 hearing. Crider's crimes were serious, but any potential danger to the community is mitigated by his record of rehabilitation and family support upon release. Finally, the potential danger of Crider's medical conditions outweighs any marginal benefit he would receive from finishing his remaining eight months in prison. Compassionate release is therefore in line with the § 3553(a) factors.

## Conclusion

**IT IS ORDERED** that Petitioner's Motion for Compassionate Release is **GRANTED**.

**IT IS FURTHER ORDERED** that BOP officials at FCI Milan **IMMEDIATELY RELEASE** WARNER CRIDER (30164-039).

**IT IS FURTHER ORDERED** that Crider's supervised release term, as outlined by the January 22, 2020 Judgment [318], is **AMENDED** as follows:

> Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years on Count 1, 5 years on Count 3, and 2 years on Counts 6 and 7, to be served concurrently.

**IT IS FURTHER ORDERED** that during his supervised release, Crider will be supervised by the Northern District of Texas Probation Office.

**IT IS FURTHER ORDERED** that upon his release, Crider may visit his mother while en route to Texas, in accordance with the conditions imposed by his probation officer.

**IT IS FURTHER ORDERED** that upon his release, Crider may reside with Delano King, regardless of his criminal history.

**SO ORDERED**.

Dated: July 28, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge